UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARCUS T. BARTOLE,<br><br>Plaintiff,<br><br>v.<br><br>JANE DOE, *et al.*,<br><br>Defendants. | CAUSE NO. 2:23-CV-242-PPS-JEM |

ORDER

Marcus T. Bartole, a prisoner without a lawyer, filed a complaint (ECF 1) but didn't pay the filing fee or file an in forma pauperis motion. He also didn't use the court's approved prisoner complaint form. N.D. Ind. L.R. 7-6 ("The court *may require* parties representing themselves to use clerk-supplied forms.") (emphasis added). He needs to cure these deficiencies. But setting these aside, larger issues remain. For the reasons explained below, his current complaint fails to state any plausible federal claims. Moreover, despite his requests (*see* ECFs 2 & 3), I won't permit him to remain anonymous or to seal this case, but he will be required to tread cautiously with regard to revealing the defendant's name should he decide to proceed.

As required by 28 U.S.C. § 1915A, I must screen the complaint (ECF 1) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Bartole is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In a nutshell, Bartole's complaint alleges two private individuals, whom I will refer to for the time being as Jane Doe #1 and Jane Doe #2, conspired to violate his civil rights under 42 U.S.C. §§ 1985(3), 1986 & 28 U.S.C. 1343.[1] Bartole starts by telling me he is part of a "suspect class" as a registered "sexually violent offender" and perhaps generally as a male. ECF 1 at 1. He alleges the two Jane Does began using social media and other electronic means to track his location and activities, and in June of 2021, they began broadcasting their "class based animus belief of [Bartole] that as a 'man' and as a 'sexually violent predator' (as [he] is labeled via his registration)," Bartole was dangerous, evil, and a "women hater and rapist." *Id*. at 5. They allegedly did this because they didn't believe he should have been released into the community. He claims they continued to conspire throughout October and November of 2021, and eventually made up "false allegations of criminal and sexual misconduct" against him. *Id*. at 9.

Without repeating Bartole's very detailed account of the events that allegedly transpired (*see id*. at 11–18), here is a summary: on November 11, 2021, Jane Doe # 1

---

[1] He also claims these individuals subjected him to intentional infliction of emotional distress, invaded his privacy, defamed, and slandered him.

engaged him in conversation, invited herself to his house for a drink, and essentially seduced him—all part of their conspiracy against him. After having consensual sex in the shower with Bartole, Jane Doe #1 became sick and wasn't able to perform the next part of the conspiracy which would have involved hitting herself to make it look like she had been beaten by Bartole. Instead, Bartole escorted her to the bus station and sent her home.

The next day, Jane Doe #1 told Jane Doe #2 what had happened, and they agreed to try and finish their conspiracy. Bartole and Jane Doe #1 exchanged text messages and eventually met up at Bartole's apartment again later that night. They began drinking and agreed to again have consensual sex, but Bartole started to feel sick, so he laid down in the shower. Jane Doe #1 also got sick and vomited in the shower. Jane Doe #1 then called 911 and falsely accused Bartole of forcing her to have oral sex, slapping her, and strangling her. Bartole claims Jane Doe #1 and Jane Doe #2 have continued to spread false information about him and the incident that occurred via social media.

Multiple charges were brought against Bartole in state court as a result of these allegations—specifically, he was charged with felony rape, two counts of failing to register as a sex offender, sexual battery, strangulation, criminal confinement, and battery. *See State of Indiana v. Bartole*, cause no. 79D01-2111-F3-000033 (filed Nov. 17, 2021), available at https://public.courts.in.gov/mycase (last visited Oct. 30, 2023).[2] The

---

[2] I'm permitted to take judicial notice of public documents in assessing Bartole's claims. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

charges are described in the probable cause affidavit and information, both filed on November 17, 2021. *Id.*

Importantly, a notice of exclusion of confidential information from public access was filed that same day—in accordance with the Indiana Rules of Court titled "Rules on Access to Court Records"[3]—based on a state no contact/protective order which has kept the alleged victim's name confidential during the pendency of the criminal proceedings. *Id.* The criminal case remains pending, with a jury trial set for January 29, 2024. *Id.*

Bartole has sued Jane Doe #1 and Jane Doe #2 for monetary damages and injunctive relief. He states he is "not at this time alleging any conspiracy theory with the . . . police department nor is the inclusion of any [officers'] initials nor actions inferring at all they are being treated as defendants; their inclusion at this time is simply for factual integrity." ECF 1 at 16–17. He also makes it clear that he is not challenging the "probable cause affidavit nor the magistrate court's approving it." *Id.* at 18. The problem for Bartole is that these admissions preclude his conspiracy claims. For conspiracies among only private actors (which Bartole insists is the case here), "a plaintiff must also allege that the conspiracy was aimed at interfering with rights that are protected against private, as well as official, encroachment (such as Thirteenth Amendment rights)." *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 827 n.4 (7th Cir. 2022) (internal quotation marks omitted) (citing *Bray v. Alexandria Women's Health Clinic*, 506

---

[3] Available online at: https://www.in.gov/courts/rules/records/records.pdf (last visited Oct. 24, 2023).

4

U.S. 263, 268 (1993)); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("Due Process rights and Fourth Amendment rights are not protected against [purely] private conspiracies under Section 1985(3)"); *Petrovic v. Enter. Leasing Co. of Chicago, LLC*, 513 F. App'x 609, 611 (7th Cir. 2013) ("To be actionable under § 1985(3), a purely private conspiracy . . . must interfere with the Thirteenth Amendment right to be free from involuntary servitude. [Plaintiff] . . . focuses only on his right to equal protection, guaranteed by the Fourteenth Amendment only against state action. Accordingly, this claim fails.") (internal citations omitted); *see also Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) ("The Equal Protection Clause of the Fourteenth Amendment prohibits *state action* that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'") (emphasis added). Accordingly, Bartole hasn't stated any viable federal claims, and I decline to exercise supplemental jurisdiction over any possible state law claims. *See* 28 U.S.C. § 1367(c)(3).[4]

I'm dubious of this complaint for another reason. Let's suppose Bartole had alleged a viable federal conspiracy claim against Jane Doe #1 and Jane Doe #2. Any such complaint would almost certainly be precluded by the *Younger* abstention doctrine. That doctrine stands for the proposition that "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v.*

---

[4] He claims briefly that he is "not a resident of Indiana and Defendants are residents of Indiana," but these allegations do not establish diversity jurisdiction. *See* 28 U.S.C. § 1332.

*Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Here, Bartole essentially claims that he is innocent of the pending criminal charges filed against him and that Jane Doe #1 and Jane Doe #2 have concocted a story that led to him being falsely arrested and prosecuted. These claims will almost certainly "be litigated during the course of his criminal case." *Gakuba*, 711 F.3d at 753. "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id.* Accordingly, a stay of any viable federal conspiracy-type claims would be appropriate under *Younger*.

That said, albeit with some degree of reluctance, I will allow him to file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). But if Bartole does choose to file an amended complaint, it will not remain under seal, and he may not proceed under a fictitious name. The Seventh Circuit has made it clear that "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). That is because "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("What happens in the halls of government is

6

presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records.").

Similarly, Federal Rule of Civil Procedure 17 requires that civil actions be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 17. The use of fictitious names in federal litigation is disfavored because "[i]dentifying the parties to the proceeding is an important dimension of publicness[,]" and "people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (collecting cases). The Seventh Circuit has repeatedly argued against allowing pseudonyms because "[j]udicial proceedings are supposed to be open . . . in order to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity." *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) (quoting *City of Chicago*, 360 F.3d at 669). "To proceed anonymously, a party must demonstrate 'exceptional circumstances.'" *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citations omitted). Those "narrow circumstances" can include instances where the party is in danger of being retaliated against or is a minor, a rape victim, or otherwise "particularly vulnerable." *Dettelbach*, 59 F.4th at 259. Ultimately, "[a] party seeking to proceed by pseudonym must show that the harm to the party . . . exceeds the likely harm from concealment." *Id.* (internal quotation marks and brackets omitted).

Bartole claims he has a "protected interest in the sealing off and not creating additional public exposure to these allegations." ECF 2 at 1. He claims he deserves this

protection because he is the victim of a sexual assault. He believes that public access will create permanent records resulting in "mass merchandising techniques designed to generate excitement," "shame mongering," and irreparable harm of the public's view of him. *Id*. at 2. He claims that bloggers and journalists have already made him "famous" due to the criminal charges against him and that they are using his fame for their own financial gain. *Id*. at 3. He states he has been subjected to unspecified threats of violence due to the defendants' allegations, which have already been made public. He requests that his entire lawsuit be filed under seal. With regard to proceeding using a pseudonym instead of his own name, he claims that the "litigation involves matters that are highly sensitive and of a personal nature" and that being "falsely linked to instances of alleged sexual misconduct" would cause him possible physical and reputational harm. ECF 3 at 2–3. Specifically, he "would be instantly identifiable through internet searches and would carry the stigma of having their sexual activities aired publicly, causing substantial, irreparable harm to his future educational opportunities, job searches, and family and personal relationships." *Id*. at 4.

If I am to believe the allegations in Bartole's complaint, which I must at this stage, he is *not* a victim of sexual assault—rather, he engaged in consensual sex and was the target of a conspiracy. There is a critical difference between the two, as the former may deserve protection under current Seventh Circuit case law, while the latter does not. *Compare Dettelbach*, 59 F.4th at 259 (rape victim may be entitled to proceed anonymously), *with Deerfield*, 819 F.3d at 374–75 (7th Cir. 2016) (affirming district court's dismissal of plaintiff's complaint and denial of his motion to proceed anonymously

8

because his arguments regarding "potential embarrassment [were] insufficient to justify anonymity in a suit which *Doe* voluntarily brought"), *and City of Chicago*, 360 F.3d at 669 ("sexual harassment cases are not brought anonymously even when the facts are gamier than they are here"), *and Coe v. Cnty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) ("embarrassment felt by a person who engages in immoral or irresponsible conduct is not a compelling basis for a waiver of the general rule that parties to federal litigation must litigate under their real names").

To the extent Bartole is worried his new case may cause him physical or reputational harm, I don't find that argument compelling. He admits the defendants' allegations that triggered his criminal case are already available to the public both via his state court record and via an internet search related to those charges.[5] It's unclear why these new allegations—which essentially dispute those criminal charges and portray himself as a victim of a conspiracy rather than a sexual assailant—would further harm him as, if believed, they would seemingly exonerate him. In any event, I find that the possibility of physical and/or reputational harm doesn't constitute the exceptional circumstances necessary to seal this case or allow Bartole to proceed anonymously on claims he voluntarily brought. Moreover, any such speculative harms are outweighed by the harm of concealing this case and Bartole's name from the public.

---

[5] Indeed, a search of "Marcus Bartole" reveals links to his criminal cases as well as a news article from the Purdue Exponent dated November 18, 2021, regarding the events in question. *See* https://www.purdueexponent.org/city_state/article_a801d940-4897-11ec-92a0-bbb496580c56.html (last visited Oct. 30, 2023).

*See, e.g., Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945; *see also Dettelbach*, 59 F.4th at 259; *Deerfield*, 819 F.3d at 377.

On the other hand, there is reason to proceed with caution regarding the identity of Jane Doe #1. As noted above, there is a pending state criminal case charging Bartole with, among other things, rape and sexual battery of Jane Doe #1. I take no position on the veracity of those charges, but, at this juncture, I will respect the state court filing excluding Jane Doe #1's name from public access in court records due to a state no contact/protective order. If he chooses to file an amended complaint here, her name must be concealed—at least for the time being. *See e.g., Dettelbach*, 59 F.4th at 259 ("narrow circumstances" where anonymity is justified include cases involving a rape victim or an individual who is otherwise "particularly vulnerable").

ACCORDINGLY:

(1) Marcus T. Bartole's motion to file this lawsuit under seal (ECF 2) is DENIED;

(2) Marcus T. Bartole's motion to allow the parties to use pseudonyms (ECF 3) is DENIED to the extent he seeks to remain anonymous, but he is ORDERED to refrain from using Jane Doe #1's real name in future court filings unless otherwise directed;

(3) the Clerk is DIRECTED to AMEND the first named defendant to "Jane Doe #1" and the second defendant, Jane Doe, to "Jane Doe #2;"

(4) the clerk is DIRECETED to UNSEAL this case, but ECFs 1, 2, & 3 will remain RESTRICTED to the parties and court users at this time due to the use of Jane Doe #1's real name;

(5) the clerk is DIRECTED to place this cause number on a blank **Pro Se 14**

**(INND Rev. 2/20) Prisoner Complaint** form and a blank **Prisoner Motion to Proceed In Forma Pauperis AO240 (Rev. 7/10)(INND Rev. 8/16)** form and send them to Marcus T. Bartole;

(6) Marcus T. Bartole is GRANTED until **December 1, 2023**, to file an amended complaint on the form provided, taking care to either redact Jane Doe #1's real name or refer to her as Jane Doe #1 throughout the pleading;

(7) Marcus T. Bartole is CAUTIONED that future filings containing Jane Doe #1's real name may be stricken without further comment;

(8) Marcus T. Bartole is GRANTED until **December 1, 2023**, to resolve his filing fee status by either paying the filing fee or filing a motion to proceed in forma pauperis along with a copy of his inmate trust fund ledger detailing his transactions for the past six months; and

(9) Marcus T. Bartole is CAUTIONED that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED.

ENTERED: November 1, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

11