UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MARCUS T. BARTOLE,<br> Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CAUSE NO.: 2:23-CV-242-PPS-JEM |
| JANE DOE, *et al.*,<br> Defendants. | )<br>)<br>) | |

**ORDER**

  Marcus T. Bartole, a prisoner without a lawyer, filed a motion to transfer [DE 8] and a related motion to stay [DE 9]. Previously, he was ordered to file an amended complaint on the Court's approved form by December 1, 2023, because his original complaint didn't state any plausible claims. [DE 4]. He requested an extension and was granted an additional sixty days, until January 30, 2024, to file his amended complaint. [DE 6]. However, instead of filing the amended complaint, Bartole filed the instant motions. He seeks to transfer this case to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) because he "plan[s] to consolidate (once transferred) this case with the active lawsuit Bartole has filed in that court." [DE 8] at 1; *see also Bartole v. Fed. Bureau of Investigation, et al.,* cause no. 1:23-CV-2011-JMS-CSW (S.D. Ind. filed Nov. 6, 2023). Bartole claims that "conducting the litigation in Indianapolis would serve the convenience of all parties and most witnesses and will promote the interest of justice." *Id*. at 2. He insists Jane Doe #1 and Jane Doe #2's involvement with the claims in the Southern District case are "intertwined" with those here. *Id*. However, other than alleging the Does had the "ability (via electronic means) to know of Bartole's exact location and information . . . about Bartole" and making vague references to a vast conspiracy against him, he doesn't explain why. He mentions that he "plans on adding Doe as a defendant in the Indianapolis lawsuit," where she will be required to "redundantly" litigate. *Id*. at 5–6. Bartole insists the Southern District of Indiana is his "choice

1

of forum (though originally this court based on a lack of knowledge, evidence, information)." *Id*. at 3. He asks the Court to "serve this motion on Doe requiring her to respond." *Id*. at 7.

The applicable federal change of venue statute provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As relevant here, venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

Nothing in Bartole's original complaint suggests venue would have been proper in the Southern District of Indiana if he had initiated it there. Putting that aside, however, there is currently no viable complaint before the court to evaluate the appropriateness of any change of venue. Bartole's original complaint was screened, and it was determined it did not state any claims for which relief can be granted. [DE 4]. As such, there is no operative complaint pending. Although ordered to do so, Bartole has yet to file an amended complaint.

Of note, a similar situation exists in the case in the Southern District of Indiana. There, the court screened Bartole's complaint which "exceeds 100 pages and is full of legal analysis and irrelevant facts," and determined it violated Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Bartole v. Fed. Bureau of Investigation, et al.*, cause no. 1:23-CV-2011-JMS-CSW (S.D. Ind. filed Nov. 6, 2023), [DE 11] at 2. The complaint was dismissed, but Bartole was granted leave to file an amended complaint. *See id*. According to the docket in that case, he has not yet done so.

Accordingly, in the absence of a viable complaint properly before the Court, Bartole's motion to transfer must be denied. As such, his related motion to stay—in which he asks the court to stay the proceedings until the motion to transfer is ruled on—is unnecessary. Finally, Bartole

includes requests embedded in both of his motions to further extend the deadline to file an amended complaint (in one he asks for sixty days and in the other he asks for ninety days). However, he provides zero explanation for why such an extension is necessary or warranted, so those requests will be denied as well.[1]

For these reasons, the Court:

1) **DENIES** the motion to transfer [DE 8];

2) **DENIES as moot** the motion to stay [DE 9];

3) **REMINDS** Marcus T. Bartole that he has until **January 30, 2024**, to file an amended complaint on the court's approved form as described in the previous orders [DE 4 and 6]; and

4) **CAUTIONS** Marcus T. Bartole that if he does not respond by the deadline, this case may be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the original complaint does not state any claims for which relief can be granted.

SO ORDERED this 10th day of January, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*

---

[1] The screening order was issued on November 1, 2023, so by the time the deadline arrives on January 30, 2024, ninety days will have passed.

3