UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARCUS T. BARTOLE,

    Plaintiff,

    v.　　　　　　　　　　　　　　　　CAUSE NO. 2:23-CV-242-PPS-JEM

JANE DOE, et al.,

    Defendants.

## OPINION AND ORDER

Marcus T. Bartole, a prisoner without a lawyer, filed another motion for extension of time. ECF 15. I previously ordered Bartole to file an amended complaint on the court's approved form by December 1, 2023, because his original complaint didn't state any plausible claims. ECF 4. In that order, I noted there was also a potential *Younger* abstention issue:

> I'm dubious of this complaint for another reason. Let's suppose Bartole had alleged a viable federal conspiracy claim against Jane Doe #1 and Jane Doe #2. Any such complaint would almost certainly be precluded by the *Younger* abstention doctrine. That doctrine stands for the proposition that 'federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings.' *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because 'underlying principles of comity, equity, and federalism' are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Here, Bartole essentially claims that he is innocent of the pending criminal charges filed against him and that Jane Doe #1 and Jane Doe #2 have concocted a story that led to him being falsely arrested and prosecuted. These claims will almost certainly 'be litigated during the course of his criminal case.' *Gakuba*, 711 F.3d at 753. 'Deciding those issues in federal court could undermine the state court proceeding[.]' *Id*. Accordingly, a stay of any viable federal conspiracy-type claims would be appropriate under *Younger*.

ECF 4 at 5–6. I agreed to allow him to amend his complaint, however, because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

Subsequently, Bartole requested an extension and was granted an additional sixty days, until January 30, 2024, to file his amended complaint. ECF 6.[1] As the new deadline approached, instead of filing the amended complaint, Bartole filed a motion seeking to transfer this case to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) because he wished to "consolidate (once transferred) this case with the active lawsuit Bartole has filed in that court." ECF 8 at 1; *see also Bartole v. Fed. Bureau of Investigation, et al.*, cause no. 1:23-CV-2011-JMS-CSW (S.D. Ind. filed Nov. 6, 2023). That motion was denied two days after it was filed because there was no viable complaint pending before either court to evaluate the appropriateness of any change of venue. ECF 11.[2]

Bartole then sought an additional ninety days to file his amended complaint and a memorandum addressing the *Younger* abstention doctrine. ECF 12. I found that he hadn't established good cause for a full ninety-day extension, but, in the interests of justice, I granted him until February 29, 2024, to file his amended complaint and a

---

[1] The screening order was issued on November 1, 2023, so that deadline of January 30, 2024, provided him with a total of ninety days to file an amended complaint.

[2] Bartole's lawsuit in the Southern District has since been dismissed because his original complaint violated Rule 8 of the Federal Rules of Civil Procedure and because he failed to cure the deficiencies noted. *See Bartole v. Fed. Bureau of Investigation, et al.*, cause no. 1:23-CV-2011-JMS-CSW (S.D. Ind. filed Nov. 6, 2023) at ECF 16.

2

memorandum if he chose. ECF 14. I made it clear that "a memorandum regarding the *Younger* abstention doctrine is not necessary for this case to proceed; however, an amended complaint is." *Id*. at 4. I cautioned him that if he didn't file an amended complaint by the new deadline, his case could be dismissed pursuant to 28 U.S.C. § 1915A without further notice. *Id*. at 5.

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). The standard for good cause "implies justification rather than excuse . . .." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (citing *CFTC v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404 (7th Cir. 2011)). It is unquestioned that district courts have the "ability to establish and enforce deadlines for the filing of motions and other papers." *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996). As part of managing caseloads, "they are entitled—indeed they must—enforce deadlines. Necessarily, they must have substantial discretion as they manage their dockets." *Id*.

Bartole's current motion is dated February 27, 2024, two days before the expiration of the current deadline, but it was not docketed until March 11, 2024. ECF 15. He requests three additional weeks to submit his amended complaint. As of the date of his motion, he has already had nearly four months to submit an amended complaint but has failed to do so.[3] He argues that another extension is warranted because he has been busy with his other federal civil litigation. Specifically, in *Bartole v. Goldsmith*, cause no. 2:23-CV-007-PPS-JEM (N.D. Ind. Jan. 9, 2023), he claims he recently needed to submit

---

[3] The screening order was issued on November 1, 2023. ECF 4.

hundreds of pages in response to the defendant's motion for summary judgment on the issue of exhaustion. Yet, that docket shows Bartole had over seven months to respond to the summary judgment motion and finally submitted those materials—dated February 13, 2024—in advance of the current deadline in this case. *See id.* at ECFs 76, 77, 78.[4] He also mentions that he must respond to the defendant's motion to dismiss in *Bartole v. Goldsmith*, cause no. 2:23-CV-407-PPS-APR (N.D. Ind. Nov. 27, 2023). However, that response was not due until *after* the current amended complaint deadline, and, to date, he hasn't filed a motion for extension of time to respond in that case. Accordingly, I find the other pending civil litigation Bartole mentions doesn't provide good cause for further extending the deadline to amend in this case.

Bartole also mentions he has arthritis and hip dysplasia, but he doesn't explain why either of these conditions would prevent him from filing an amended complaint. He briefly refers to the Tippecanoe County Jail's "affirmative misconduct" in thwarting his legal attempts in general, but he doesn't provide sufficient details about that alleged situation. ECF 15 at 2. Finally, he claims the law firm that had been helping him informed him in November of 2023, that they no longer would provide him with any assistance. *See* ECF 15-1 at 1. However, no law firm has ever entered an appearance on

---

[4] Of note, I granted the summary judgment exhaustion motion and dismissed that case without prejudice on February 8, 2024. *See Bartole v. Goldsmith*, cause no. 2:23-CV-007-PPS-JEM (N.D. Ind. Jan. 9, 2023) at ECF 74. Bartole filed a tardy response two weeks later arguing that he had struggled to comply with the response deadline because he had lost the assistance of a law firm. *See id.* at ECF 76. In an order granting the belated request for an extension (to the extent it sought consideration of the untimely response) and construing the response as a motion to alter or amend the judgment, I noted, "[I]t remains unclear why he did not inform the court of this circumstance [of the law firm's decision to cease assisting him] prior to the entry of the summary judgment order or why he could not have prepared his response during the six preceding months." *See id.* at ECF 79 at 3. Ultimately, the motion to alter or amend the judgment was denied. *See id.* at ECF 79 at 11.

4

Bartole's behalf in this case, and he hasn't sufficiently explained why their decision several months ago prevented him from filing his amended complaint by the current deadline.

As stated in my prior order, "[t]he amended complaint does not need to include legal phrases, cite to legal authority, or provide legal analysis; it simply needs to explain in Bartole's own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing details about what occurred. If the allegations involve a state court criminal case, he should also provide the cause number and other relevant information about that case." ECF 14 at 4, n.4. Bartole was previously advised that neither case citations nor a memorandum on the *Younger* abstention doctrine were required to move this case forward, "however, an amended complaint is." *Id*. at 4. The fact that Bartole continues to insist he must file a memorandum of law on the "highly complex legal doctrine" along with his amended complaint—despite my clear instructions otherwise—doesn't justify another extension. ECF 15 at 3. In sum, none of Bartole's stated reasons establish good cause to extend the February 29, 2024, deadline. Because he did not file his amended complaint by that deadline—and because his original complaint failed to state any claims as set forth in detail in ECF 4—this case will be dismissed.

Accordingly:

(1) the motion for extension of time (ECF 15) is DENIED; and

(2) this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the original complaint does not state any claims for which relief can be granted.

SO ORDERED.

ENTERED: March 20, 2024.

                                         /s/   Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT